445 A.2d 1212

**Bernard C. JASPER, Appellant,**

**v.**

**Commonwealth of Pennsylvania, WORKMEN'S COMPENSATION APPEAL BOARD and Teledyne Columbia/Summerrill, Appellees.**

Supreme Court of Pennsylvania.

Argued March 1, 1982.

Decided June 4, 1982.

Alexander J. Pentecost, Amiel B. Caramanna, Pittsburgh, for appellant.

James A. Wood, Trushel, Wood & Israel, Pittsburgh, for Teledyne Columbia/Summerrill.

Louis L. Kaplan, Harrisburg, Secretary, Workmen's Compensation Bd.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

HUTCHINSON, Justice.

In this Workers' Compensation case the Referee found the employee, who had the burden of proof on his claim petition, suffered a work related back injury on April 3, 1978. He then, as part of the same order, determined the claimant was no longer entitled to compensation as of October 9, 1978 based on the defense's expert medical testimony that the employee was "normal" and symptom free on the termination date. However, this expert had also testified claimant should not return to the heavy work of his old job because of his age and massive disc injury, which had required surgical correction. The Workers' Compensation Appeal Board affirmed and its decision was in turn affirmed by the Commonwealth Court. We granted review.

We vacate and remand for further proceedings. 58 Pa. Cmwlth. 208, 427 A.2d 740. Therein, the fact finder should make specific findings on whether the employee was in fact unable to return to his old job following the operation; if so, whether his inability to resume those duties was related to his April 3, 1978 injury; and, if both those questions are answered yes, a determination of his earning power in the light of available work under the principles set out in our decision in *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A.2d 668 (1968).

We cannot determine from this record whether the Referee simply ignored the principles of *Barrett*, or failed to consider them because he believed that claimant could return to his old job despite the expert testimony to the contrary, or because he believed any continuing incapacity for such work was unrelated to the injury.

■ Previous cases have set forth the scope of review where, as here, the fact finder's decision is against the party having the burden of proof in terms such as "capricious disregard of competent evidence", *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968), "willful disbelief of otherwise credible evidence", *Bullock v. Building Maintenance Inc.*, 6 Pa. Commonwealth Ct. 539, 297 A.2d 520 (1972) or internal inconsistency in the findings of fact and conclusions of law. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979).[1] Without express findings on the issues noted above we cannot properly exercise our reviewing function, or determine whether there is internal inconsistency between the finding of initial disabling injury and termination. At the very least the findings and conclusions of the fact finder must have a rational basis in the evidence of record and demonstrate an appreciation and correct application of underlying principles of substantive law to that evidence.

■ Such an appreciation of *Barrett* has not been demonstrated here. The record contains relevant, competent evidence of the injured employee's inability to return to his former employment through his own testimony on his duties and that of the defense's expert witness that an attempt to perform them was medically contraindicated. The referee has not told us whether he was inclined to believe or disbelieve that evidence. Our law of Workers' Compensation does not require an employee to bear the risk of probable severe and totally disabling reinjury by return to heavy work on pain of foregoing all compensation. *See e.g. Modern Cooling Company v. Driscoll*, 18 Pa. Commonwealth Ct. 22, 333 A.2d 811 (1975). In such instance the fact finder

1. Where the decision favors the party with the burden of proof we have set forth the scope of review in terms of whether it is supported by substantial, competent evidence on the record. *See Katz v. Evening Bulletin*, 485 Pa. 536, 403 A.2d 518 (1979) and *Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.*, 479 Pa. 286, 388 A.2d 659 (1978). The issue is simply whether or not there is evidence to support the particular finding for the party proponent on that factual issue. If none exists, that fact must be resolved against him. *See Utter v. Asten-Hill Mfg. Co.*, 453 Pa. 401, 309 A.2d 583 (1973); *Beth-Allen Ladder v. Workmen's Compensation Appeal Board*, 53 Pa. Commonwealth Ct. 323, 417 A.2d 854 (1980).

is required to proceed to a consideration of those jobs the employer shows are available to claimant which do not pose that risk and, upon such consideration, award compensation for partial disability to the extent appropriate under the wages he can earn in those available jobs. If it appears the employee has not sought, or chosen not to take such available work, his compensation can be appropriately reduced or suspended. Such an analysis serves the interest of both the employer and employee. It reduces the employer's risk of being burdened with a lifetime obligation for total disability if the employee reinjures himself by an effort to perform a job for which he is physically incapable. At the same time it requires the employee to seek other suitable employment shown by the employer to be available and thus mitigate the loss occasioned by his injury.

For these reasons, we vacate and remand for proceedings consistent with this opinion.