545 A.2d 465

Ronald Scobbie, Petitioner *v.* Workmen's Compensation Appeal Board (Greenville Steel Car Company), Respondents.

Submitted on briefs March 24, 1987, to Judges MACPHAIL and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*W. Allen Dill*, *Fruit, Dill, Goodwin* & *Scholl*, for petitioner.

*Eugene F. Scanlin, Jr.*, *Dickie, McCamey* & *Chilcote, P.C.*, for respondent.

OPINION BY JUDGE DOYLE, August 8, 1988:

Ronald Scobbie (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a decision of a referee which suspended Claimant's workmen's compensation benefits.

Claimant was last employed as a welder by the Greenville Steel Car Company (Employer). On January 13, 1981, Claimant injured his lower back in the course of his employment and began receiving benefits for total disability under a Notice of Compensation Payable. On May 24, 1982, Employer filed a petition to terminate benefits, alleging Claimant had fully recovered from his work-related injury as of May 18, 1982. Attached to this

petition was an affidavit of recovery of Dr. William McWhirter, who examined Claimant on May 12, 1982 and pronounced him fully recovered and able to resume his welding job without limitation. An automatic supersedeas of benefits was effected.[1]

Hearings on the termination petition were held before the referee on March 16, 1983 and July 28, 1983, at which Claimant and his medical witness, Dr. Mark Stabile, testified, and the deposition testimony of Dr. McWhirter was admitted. In his deposition, Dr. McWhirter opined that Claimant could return to work without limitation, although Claimant continued to suffer a ten percent permanent partial disability from his accident. Dr. McWhirter also testified that, at the time he certified Claimant to return to work, he knew that Employer's plant had been closed.

The referee made a specific credibility finding in favor of Dr. McWhirter and against Dr. Stabile, but then concluded that because Employer failed to show that all of Claimant's disability had terminated as of May 17, 1982, Employer was not entitled to a termination. However, the referee further concluded that Employer was entitled to a "suspension" of compensation to Claimant since he was "sufficiently recovered to return to his prior employment." On appeal, the Board affirmed,[2] and Claimant petitions this Court for review.[3]

---

[1] We note that the automatic supersedeas provision of Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §774, was later declared unconstitutional in *Baksalary v. Smith*, 579 F. Supp. 218 (E.D. Pa. 1984), *appeal dismissed for want of jurisdiction sub nom. Allstate Insurance Co. v. Baksalary*, 469 U.S. 1146 (1985). Whether Claimant's rights here were violated by the application of Section 413(a) is not an issue that has been raised before us.

[2] The Board's opinion states:

Dr. McWhirter . . . stated that the Claimant could return to work on May 12, 1982 without limitation. This of course

Employer does not contest that the termination petition was properly denied, since it failed to show that Claimant's "disability" had ceased entirely, or, that it had been reduced and that work Claimant was capable of performing was available to him. *Coastal Tank Lines, Inc. v. Workmen's Compensation Appeal Board (Swick),* 72 Pa. Commonwealth Ct. 308, 457 A.2d 149 (1983). Accordingly, the sole issue presented to us by this appeal is whether the suspension of Claimant's benefits was correct, and if it was correct, what is the effect of such a determination.

For purposes of receiving workmen's compensation, "disability" is a term synonymous with a "loss of earning power." *Wheeling-Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board (Smith),* 70 Pa. Commonwealth Ct. 100, 452 A.2d 611 (1982). Although a claimant may continue to suffer a work-related physical disability, if that physical disability does not occasion a loss of earnings, then payments of workmen's compensation must be suspended. *Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici),* 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986).

---

would have supported a termination of compensation. Because of a residual disability unreflected in a loss of earning power, the Referee suspended compensation. We see no error in the Referee's doing this. Insomuch as the Referee's crucial Findings of Fact are supported by competent evidence and we see no error of law, we

ORDER

The decision of the Referee is affirmed. The appeal of the Claimant is dismissed.

[3] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

Here, the referee premised suspension of Claimant's benefits on his conclusion that Claimant was sufficiently recovered to return to his prior employment. Undoubtedly he was; but, there was no prior employment to return to because his Employer's plant had closed. Thus, while Claimant was capable of performing his old job; his old job was simply nonexistent.

An employee is considered partially disabled and his benefits are suspended, that is—not paid, if he has a residual disability but receives in his wages a sum equivalent to or greater than that which he received prior to his injury. Indeed, a presumption of partial disability exists by virtue of the order to suspend. *Id.*

The question, therefore, is whether a suspension order is proper when, although fit to perform his pre-injury job, a claimant has a residual disability *and* his pre-injury job is no longer available to him through no fault of his own. A corollary question is also presented, *viz.*, if an order for suspension is entered, is that all that need be done, or, must the referee go further and determine if other work is available to the claimant which he is capable of performing. Further, we must consider where a suspension (as opposed to a reinstatement from suspension) is sought, whose burden is it to demonstrate work availability or work unavailability.

The Board, in this instance, merely determined that the referee's decision had been proper and without legal error. It affirmed the referee's conclusion that, while Employer had not met its burden to terminate, it "did meet its burden of proof that Claimant was sufficiently recovered to return to his prior employment, and is entitled to suspension of compensation as of May 17, 1982." Under such an order, must the claimant whose pre-injury job has been eliminated then seek out his own employment, or, failing that, is it incumbent upon him to file a petition to modify, *see* Section 413 of The

Pennsylvania Workmen's Compensation Act (Act),[4] to obtain benefits?

In the case *sub judice,* there was no finding and, indeed, no evidence proffered by Employer, that Claimant was earning wages equal to or in excess of his pre-injury wage level. In other words, there was no evidence that Claimant's loss of earning from his injury had abated, *see Birriel v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 124, 435 A.2d 292 (1981). We hold, therefore, that the burden is upon the employer to demonstrate job availability, *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987); *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express),* 88 Pa. Commonwealth Ct. 204, 489 A.2d 284 (1985); *Busche v. Workmen's Compensation Appeal Board (Townsend & Bottum, Inc.),* 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983), and not upon Claimant to seek that which the compensation authorities have determined is no longer existent, *i.e.,* his pre-injury position. And, we hold that a claimant is not re-

---

[4] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. *See also Andersen v. Workmen's Compensation Appeal Board (National Forge Co.),* 113 Pa. Commonwealth Ct. 601, 537 A.2d 971 (1988), where the claimant was a crane operator who sustained a work-related back injury and upon his return to employment, his old position was no longer available due to economic conditions. He was unable to assume a new position offered him (laborer) because of his injury. In that case, the referee initially granted Employer's termination petition, but the Board found that the evidence only supported a suspension. No appeal was taken from that order. Claimant then filed a petition seeking to lift the suspension. Both the Referee and the Board found this petition barred by *res judicata* because claimant had not shown his medical condition had changed. We held that Claimant was entitled to benefits because he was unable to secure a job within his physical limitations and because the Employer offered no evidence on job availability.

quired to file a petition to modify and "lift" the suspension to prove that which the authorities have already determined, that is, that his pre-injury job is no longer available. Nor is the claimant required to prove that he cannot find work, a negative finding, when a suspension order has been properly entered.[5]

Based upon the foregoing discussion, we reverse the Board's order and remand this matter to the Board for the entry of an order reinstating Claimant's benefits for total disability.

### ORDER

NOW, August 8, 1988, the order of the Workmen's Compensation Appeal Board, No. A-89079, is reversed, and this case is remanded for the entry of an order reinstating compensation of total disability benefits.

Jurisdiction is relinquished.

---

[5] There may be situations where, for whatever reason, an order of suspension is extant and a claimant is not receiving benefits although he is not working. There is, however, in those instances, a procedure available to both parties under Section 413 of the Act to modify and effectuate a change, *See Andersen v. Workmen's Compensation Appeal Board (National Forge Co.),* 113 Pa. Commonwealth Ct. 601, 537 A.2d 971 (1988). That, However, is not the situation here.