623 A.2d 955

CARPENTERTOWN COAL & COKE CO., Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (SEYBERT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 10, 1992.

Decided March 26, 1993.

Paul E. Sutter, for petitioner.

Louis A. Raimond, for respondent.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by Carpentertown Coal & Coke Co. (Employer) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting the claim petition of William C. Seybert (Claimant).

The pertinent facts as found by the referee are as follows: Claimant was employed as a foreman when, on November 11, 1986, while helping to pull a heavy electric cable, he became short of breath. He was able to finish out the work day although his symptoms continued. The following day Claimant reported for work despite the fact that his symptoms persisted. At the end of the work day he went to the hospital where it was determined that he had suffered a myocardial infarction. The referee specifically found that Claimant's exertion while pulling the cable precipitated the infarction. This finding is not challenged on appeal.

The referee also made the following findings of fact:

12. I find as a fact that from November 13, 1986 through May 11, 1987 the claimant was unable to perform his work

duties as a section foreman for the [Employer] because of his myocardial infarction. I also find as a fact that as of May 12, 1987 the claimant's infarction had healed to a point where he was able to return to all of his regular work duties....

13. The claimant has never fully recovered from his myocardial infarction. His heart was permanently damaged by this infarction, although this damage was not severe, has not worsened ... and has not disabled him from performing his regular work duties since May 12, 1987....

15. The [Employer] did not submit evidence to show that employment is available to the claimant which is within limitations imposed upon him by his myocardial infarction.

16. The claimant's bypass surgery during February 9, 1987 was not caused by or related to the myocardial infarction or to his employment by the [Employer]. This surgery was performed as treatment of the pre-existing coronary artery disease....

17. Since May 11, 1987 the claimant has remained unable to perform his regular work duties as a section foreman because of his pre-existing coronary artery disease.

Based on these findings, the referee granted the claim petition and concluded:

4. Since the claimant has never fully recovered from his injury, the [Employer] has the burden of showing that work is available to the claimant which he is able to perform. The [Employer] did not meet this burden.

Employer appealed to the Board which affirmed, and appeal to this Court ensued. On appeal our scope of review is limited to determining whether the necessary findings are supported by substantial evidence and whether the Board committed a legal error or constitutional violation. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Before this Court only a single issue is raised by Employer; it contends that the referee and Board erred, not in finding that the infarction was work-related or in finding that benefits should have been granted initially, but in continuing them

indefinitely instead of terminating them effective May 12, 1987.[1]

■ It is Employer's position that the testimony of Dr. Gerard, Claimant's expert witness, demonstrates that Claimant had completely recovered from his work-related heart attack by that date and that any remaining disability was due to his preexisting coronary artery disease. If, in fact, this is the case, a termination of benefits would be warranted, *see, e.g., Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 31, 578 A.2d 69 (1990), *petition for allowance of appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991), and Employer would not need to demonstrate the availability of other work. *Bridle v. Workmen's Compensation Appeal Board (Eastern Distribution Center, Inc.)*, 72 Pa.Commonwealth Ct. 572, 456 A.2d 1109 (1983).

A review of Dr. Gerard's testimony reveals that he opined that the normal healing period for a myocardial infarction is six to eight weeks and that Claimant's subsequent by-pass surgery (on February 9, 1987) and continuing angina were due to his preexisting condition *and not his heart attack. He also opined, however, that because the heart attack had permanently damaged Claimant's heart muscle, he had not fully recovered from the myocardial infarction.* (Dr. Gerard's deposition, p. 62.) Based on this evidence, the referee concluded that the termination of benefits was unwarranted.

Employer argues that the referee's focus on the permanent damage to the heart muscle and use of this as a basis for his finding that Claimant's disability has not terminated completely places an impossible burden on an employer seeking to terminate benefits subsequent to a work-related heart attack. This argument, however, assumes that evidence akin to Dr. Gerard's will appear in all heart attack cases and be found credible. This Court cannot make such an assumption. The fact remains that in this case the referee's findings are

---

1. The order of the referee, which the Board affirmed, directs the Employer "to pay compensation to the claimant for total disability at the rate of $347.00 per week, beginning November 13, 1986 and continuing through the present time into the indefinite future."

supported by substantial evidence. Thus, because Claimant has sustained permanent muscle damage to his heart[2] as a result of the uncontested work-related injury, there is no legal basis for us to order a termination of benefits, a remedy which is clearly only appropriate when the work-related medical disability has ceased entirely. *Brown; Rogers Motor Lines Inc. v. Workmen's Compensation Appeal Board (Baker),* 144 Pa.Commonwealth Ct. 493, 601 A.2d 934 (1992). Since the cases relied upon by Employer involve instances where the referee found that the work-related medical injury had ceased altogether, they are distinguishable from the instant case.

■ While Employer was not entitled to a termination of benefits as of May 12, 1987, it was entitled to a suspension. A suspension may be entered where an employer can show that the claimant's disability has decreased to the point that claimant is capable of performing his pre-injury job or other work without loss of earnings and that such work is available. *See Mengel v. Workmen's Compensation Appeal Board (Boyer's IGA, Inc.),* 118 Pa.Commonwealth Ct. 582, 545 A.2d 992 (1988). In the instant case, Employer, admittedly, did not show continued job availability.

2. While Employer attempts to analogize the damaged muscle to a broken bone (*i.e.,* both will always evidence signs of the original injury), it cites to no record evidence to support the medical accuracy of this analogy. We certainly cannot judicially notice such medical assertions on appeal although we are given to understand in laymen's terms that a myocardial infarction always results in "some" scar tissue on the muscles of the heart. We acknowledge that Employer's argument does raise the spectra of a situation where it is impossible to obtain a termination of benefits even though the permanent injury suffered by the claimant is one which is no longer "disabling" in the workers' compensation sense. *See Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.),* 118 Pa.Commonwealth Ct. 424, 545 A.2d 465 (1988), *petition for allowance of appeal denied,* 522 Pa. 607, 562 A.2d 829 (1989) (for the purpose of workmen's compensation benefits, "disability" is synonymous with loss of earning power). *We are compelled to observe, however, that Employer offered no medical testimony to substantiate its arguments.* Moreover, we further note that because an employer can obtain a suspension of benefits by showing that a loss of earnings is the result of a medical condition other than the work related injury without showing job availability, *see* Section 413 of the Act, 77 P.S. § 772, *infra,* an employer is not transformed into a perpetual employment agent for a slightly injured claimant.

 Further, although we now consider it established law that a suspension may also be entered where a claimant continues to suffer a work-related *physical* disability which does not occasion a loss of earnings, *Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.)*, 118 Pa.Commonwealth Ct. 424, 545 A.2d 465 (1988),[3] the question remains: Must the employer also show work availability where the employer has shown that despite the continuing presence of the work-related residual medical condition, the loss of earnings is due to a non-work-related injury or a preexisting condition.

In *Scobbie*, the employer commenced payment of compensation to a claimant who had injured his back and then, subsequently, petitioned for termination. The referee denied the termination petition but also entered a suspension because he found that the claimant was sufficiently recovered to return to his prior employment, despite the fact that the employer's plant had closed and claimant's former job was no longer available.

 The Board affirmed the referee and on appeal to this Court we held that the employer was required to show job availability where there was no finding that the claimant was earning wages equal to or in excess of his pre-injury wage level; in other words, where there was no finding that claimant's loss of earnings *from his work-related injury* had abat-

---

3. Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772. Section 413(a) of the Act reads, in pertinent part, as follows:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased ... [provided] That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, *unless it be shown that the loss in earnings does not result from the disability due to the injury.*

77 P.S. § 772 (emphasis added).

ed. *Scobbie,* 118 Pa.Commonwealth Ct. at 429, 545 A.2d at 467; *see also Zimcosky v. Workmen's Compensation Appeal Board (U.S. Steel Corp.),* 118 Pa.Commonwealth Ct. 209, 544 A.2d 1106 (1988) (employer bears the burden of proving work availability where claimant suffers from an indefinite residual disability *that is causally related to the compensable injury*); *York City School District v. Workmen's Compensation Appeal Board (Peyser),* 136 Pa.Commonwealth Ct. 110, 582 A.2d 423 (1990) (employer may assert a non-work-related injury as an "affirmative defense" to claimant's reinstatement petition). It therefore follows that where an employer has presented evidence, and the referee has found, as here, that the claimant's loss of earnings is not caused by *his work-related injury,* an employer is not required to show job availability.

In the instant case, the referee specifically found that Claimant's work-related injury, the damage to the heart muscle, continued. *See* Finding of Fact No. 13. He also found, however, that as of May 11, 1987, Claimant's inability to return to his pre-injury job was not caused by the damage to Claimant's heart but rather was caused by Claimant's preexisting coronary disease; in other words, Claimant's loss of earnings did not result from his work-related injury. Finding of Fact No. 17. Therefore, the referee should have entered a suspension of Claimant's benefits as of May 11, 1987, regardless of the fact that Employer did not show work availability.

Accordingly, we affirm the Board's order to the extent that it awards benefits to Claimant for the period from November 13, 1986 through May 11, 1987 but also direct that Claimant's benefits be suspended as of May 11, 1987.

## ORDER

NOW, March 26, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed to the extent that it awards benefits to Claimant for the period November 11, 1986, through May 11, 1987, and is modified to reflect a suspension of Claimant's benefits as of May 12, 1987.

This decision was reached and opinion adopted before the untimely death of BARRY, Senior Judge.