647 A.2d 605

**USX CORP., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (HEMS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 28, 1994.

Decided Aug. 22, 1994.

Ronald F. Bové, for petitioner.

Don R. Clemens, for respondent.

Before DOYLE and NEWMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

USX Corporation (Employer) appeals an order of the Workmen's Compensation Appeal Board which reversed a decision of a referee which had granted Employer's suspension petition under The Pennsylvania Workmen's Compensation Act (Act).[1]

Ellsworth C. Hems (Claimant) sustained a work-related injury to his left thumb on May 8, 1986, while employed as a millwright by Employer. Approximately four weeks later, on June 10, 1986, Claimant developed a brain abscess and underwent brain surgery. Employer accepted liability for the injury to Claimant's left thumb, and started paying Claimant total disability benefits, and Claimant never filed a claim petition which alleged that the brain abscess was a work-related injury.

On April 27, 1987, Employer filed a suspension petition alleging that as of April 24, 1987, Claimant was capable of returning to his pre-injury job. On May 14, 1987, Claimant filed an answer which alleged that he was not physically capable of returning to work because of a "severed extensor tendon to left thumb" and because of "residual effects of a brain abscess diagnosed in June, 1986. The effects of the brain abscess include falling, misjudging distances and diminished coordination of the right extremities."

At the hearing before the referee, Employer presented the deposition of board certified neurosurgeon, William Sagen, M.D., and Jeyaseelan J. Noble, M.D., a hand surgeon who performed two operations on Claimant's thumb.

Dr. Sagen was responsible for diagnosing and treating Claimant for his brain abscess. He testified that Claimant's brain abscess was caused by a bacterial infection, but was causally unrelated to the injury to his thumb. This opinion was based on the fact that Claimant did not suffer from an infection due to the thumb injury, and the abscess had developed over a longer period of time than that which existed between his thumb injury and the manifestation of the abscess.

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1031.

Dr. Noble, who performed two surgeries to repair the damage to Claimant's thumb, testified that Claimant still suffered some residual loss of motion in his hand as a result of his work-related injury. However, in her opinion, Claimant's hand had healed enough that he could return to his time-of-injury job. Claimant presented no medical evidence.

The referee granted Employer's petition to suspend Claimant's benefits. The Board reversed reasoning that Employer's failure to present job availability evidence was fatal to its suspension petition under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The Board stated:

> The testimony of Dr. Noble establishes that the Claimant did have some residual problems with his thumb function, including diminished strength and also numbness around the original cut area (T.R. 7/26/88 p. 8). Accordingly, the Defendant must prove, under *Kachinski*, that a job is available within the Claimant's restrictions. In the present case, this Board finds that there was no testimony taken in regard to whether or not the Claimant's old job was available. Certainly, the mere fact that the Claimant was able to perform his old job is not sufficient to suspend benefits unless there is testimony that, in fact, the job would be ready and waiting.

Board Opinion at 3. Employer appealed.

On appeal, Employer presents only one issue which is articulated in its statement of the question presented:

> Whether the Board erred in requiring the employer to show job availability under a Petition to Suspend Workers' Compensation benefits where Claimant was unable to resume employment *because of a non-work-related brain abscess rather than a work-related thumb injury.*

Employer's brief at 3 (emphasis added).

The question thus presented has been definitively answered by our recent decision of *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board (Seybert)*, 154 Pa.Commonwealth Ct. 408, 623 A.2d 955, *petition for allow-*

*ance of appeal denied,* 535 Pa. 640, 631 A.2d 1011 (1993). In *Carpentertown Coal & Coke,* the claimant suffered from a myocardial infarction precipitated by pulling on a cable while at work. The infarction caused permanent damage to the heart muscle. However, the claimant also suffered from a preexisting coronary artery disease that was *not* in any way work-related. As a result of this condition the claimant underwent coronary bypass surgery. The referee found that the claimant was unable to perform his time-of-injury job because of his preexisting condition, but, since he still suffered from a residual medical disability as the result of his work-related infarction, the employer had the burden of showing available work. On appeal to this Court, we held that where a non-work-related condition is the cause of a claimant's loss of earning power, the employer need not provide evidence of work availability even where there is a continuing work-related *medical* condition, but one which is not disabling.

The precise issue which Employer raises in this appeal, was identically articulated, and answered, in *Carpentertown Coal & Coke:*

> [T]he question remains: Must the employer also show work availability where the employer has shown that despite the continuing presence of the work-related residual medical condition, the loss of earnings is due to a non-work-related injury or a preexisting condition. . . . [There followed a discussion of the pertinent case law] It therefore follows that that where an employer has presented evidence, and the referee has found, as here, that the claimant's loss of earning is not caused by *his work-related injury,* an employer is not required to show job availability.

*Id.,* 154 Pa.Commonwealth Ct. at 413–14, 623 A.2d at 957–58 (emphasis in original).

This is precisely the case we have before us now. The physician who treated Claimant's thumb injury testified that this injury was healed sufficiently that he could perform his time-of-injury job. However, it is his non-work-related brain abscess which is currently causing his loss of earning power. Thus, like *Carpentertown Coal & Coke,* Employer should not

be required to demonstrate work availability in order for a suspension to be properly entered.[2]

Claimant argues that *Carpentertown Coal & Coke* is distinguishable because in the case before us now the referee did not make a specific finding that he was unable to return to his time-of-injury job because of his brain abscess. However, before the referee, counsel for Employer stated:

> [I]t's our position, Your Honor, the Mr. Hems has suffered an injury to his hand and the disability to his hand we state ceased.... We will stipulate for the record that Mr. Hems is unable at the present time to return to his work as a millwright, but our position is that that medical condition would stem from a brain abscess and is not related to his original injury....

Notes of Testimony 9/13/88 at 3–4. And counsel for Claimant stated:

> [W]e have not taken a position suggesting that the Claimant is unable to work because of his hand injury. In fact, I think it's fairly unchallengeable that the hand injury has healed itself well enough that the Claimant could go back to work. I think the position that Mr. Jones and I have been arguing for the last year and a half is whether or not the brain abscess is causally related to the hand injury and if indeed it is and if we have carried our burden to some extent or to ... [the] extent ... necessary, that USX is prepared to say that Mr. Hems ought to be able to continue his Workmen's Compensation payments.

Notes of Testimony 9/13/88 at 25. Thus, both parties agreed that it was the brain abscess, and not the hand injury, which rendered Claimant unable to return to his job, and that if *that* injury was not work related, the Claimant was not "disabled" for the purposes of workers' compensation. Put another way, if Claimant, admittedly, could not return to his time-of-injury job because of a non-work-related injury, it would be pointless

---

2. A suspension, and not a termination, is proper since Dr. Noble also testified that Claimant has some residual loss of motion in his hand caused by the injury, but which did not incapacitate him. *Carpentertown Coal & Coke.*

to require Employer to prove that Claimant's time-of-injury job was still available.

Claimant also argues that our decision in *Carpentertown Coal & Coke* conflicts with our prior decision in *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General)*, 143 Pa.Commonwealth Ct. 624, 600 A.2d 633 (1991), *petition for allowance of appeal denied,* 530 Pa. 663, 609 A.2d 170 (1992). However, these two cases are distinguishable and there is no conflict between them. The claimant in *Sheehan,* while suffering from both a work-related injury (back injury) and a non-work-related injury (heart attack), was able to return to a *light duty position* because he had partially recovered from his work-related injury. Thus, we required the employer to demonstrate available work within the limitations imposed by his *work-related* medical disability, but that it was not necessary to take into account limitations caused by the non-work-related injury. Conversely, the claimant in *Carpentertown Coal & Coke,* and Claimant in this case, were not unable to return to their time-of-injury jobs because of their work related injuries; only by their non-work related injuries. We stated in *Sheehan:*

> Where, as here, the employer offers testimony which the referee and the Board accept that claimant's work-related injury has ceased and *any physical problems still suffered from are causally related to a [non-work related condition],* it is not necessary that the employer prove that suitable alternative work is available.

*Sheehan,* 143 Pa.Commonwealth Ct. at 631, 600 A.2d at 637 (emphasis in original) (quoting *Royster v. Workmen's Compensation Appeal Board (National Mines),* 102 Pa.Commonwealth Ct. 338, 344, 518 A.2d 331, 334 (1986)).

Accordingly, the order of the Board is reversed.

## ORDER

NOW, August 22, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed, and the decision of the referee is reinstated.