661 A.2d 1355

Terry L. MARKLE, Appellant,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (CATERPILLAR TRACTOR
COMPANY), Appellees.

No. J–231–1994.

Supreme Court of Pennsylvania.

Argued Dec. 7, 1994.

Decided June 21, 1995.

Reargument Denied Aug. 10, 1995.

150

Gary D. Martz, for T.L. Markle.

W. Jeffrey Sidebottom, for Caterpillar.

Norman R. Haigh, Secty. for W.C.A.B.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

MONTEMURO, Justice.

This case is about whether, in a workmen's compensation reinstatement hearing, an employer's burden of showing job availability is met by a showing that the job is within claimant's work-related medical restrictions solely. We granted allocatur, as it is a matter of first impression, to determine

whether an employer is required to take into consideration pre-existing medical restrictions which are unrelated to claimant's work injury, in meeting its burden of proof on job availability. Because the Commonwealth Court correctly decided this issue, we affirm.

The parties stipulated to the relevant facts of this matter.

1. The Claimant, Terry L. Markle, suffered a work-related back injury on September 13, 1988, while working for Defendant Caterpillar Tractor Company.

2. On or about February 1, 1989, the Claimant was released to restricted duty and returned to work without loss of earning power and a Supplemental Agreement suspending compensation was signed.

3. On or about January 29, 1990, Defendant transferred the Claimant to the position of shop helper in its manufacturing department. The position was within the Claimant's work-related restrictions.

4. The Claimant suffers from severe pulmonary emphysema and must avoid certain irritants as set forth in Dr. Richard L. Keeports, M.D.'s report dated January 23, 1990. Dr. Keeports' report is attached to this Stipulation and incorporated herein.

5. The Claimant's pulmonary emphysema is not a work-related injury.

6. Because of his severe pulmonary emphysema, the Claimant is unable to perform the duties of shop helper in the manufacturing department, where he may be exposed to irritants that he is to avoid.

7. The report of Claimant's treating orthopedic physician, J. Joseph Danyo, M.D., concerning Claimant's work related restrictions are attached to this Stipulation and incorporated herein.

8. Both the position held by the Claimant prior to January 29, 1990 in the warehouse, and the shop helper position paid wages equal to claimant's pre-injury average weekly wage.

Stipulation of Facts, 8/20/90.

Claimant refused the transfer offered by Caterpillar and filed for reinstatement of Workmen's Compensation. Before

the referee, only two issues were disputed: (1) the reason for the transfer, and (2) whether Caterpillar was aware of claimant's emphysema at the time the employer proposed to transfer claimant.

The referee found that the employer had transferred claimant because the warehouse position was declared surplus, and claimant was transferred to the shop helper position in the manufacturing department on the basis of seniority. *Markle v. Caterpillar Tractor Company,* Referee's Decision 2/12/91, Finding of Fact No. 6. The referee did not make a specific finding as to whether employer was aware of claimant's emphysema at the time of transfer, nor did the referee make a specific finding as to whether claimant's emphysema preexisted his work-related injury. Instead, the referee found that a "position has been made available to the Claimant within his work-related restrictions." *Id.* Finding of Fact No. 5.

The Workmen's Compensation Appeal Board (Board) affirmed on the basis of *Farquhar v. W.C.A.B. (Corning Glass),* 515 Pa. 315, 528 A.2d 580 (1987); *Jasper v. W.C.A.B. and Teledyne, etc.,* 498 Pa. 263, 445 A.2d 1212 (1982); and *Lash v. W.C.A.B. and General Battery Corp.,* 491 Pa. 294, 420 A.2d 1325 (1980). The Board reasoned that when an employer asserts that a claimant is able to return to his former job, but the medical evidence indicates that the claimant cannot return without risk of further physical harm, the employer will not meet its medical burden of proof—unless the risk of further harm is unrelated to the compensable injury.

Claimant next appealed to the Commonwealth Court. In an unpublished Memorandum Opinion, that court affirmed the Board relying on Section 413 (a) of the Workmen's Compensation Act and its recent holding in *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board (Seybert),* 154 Pa.Commw. 408, 623 A.2d 955 (1993), *appeal denied,* 535 Pa. 640, 631 A.2d 1011 (1993). *Markle v. Workmen's Compensation Appeal Board (Caterpillar Tractor Company),* No. 1130 C.D. 1992 (Pa.Commw. June 10, 1993) (Kelley, J., dissenting).

Claimant filed a petition for allowance of appeal with this Court, which we granted on February 28, 1994. *Markle v. Workmen's Compensation Appeal Board, (Caterpillar Tractor Co.)*, 537 Pa. 614, 641 A.2d 313 (1994). Oral argument was heard on December 7, 1994.

Our scope of review in a worker's compensation matter is limited to a determination of whether there has been a constitutional violation, an error of law, or a violation of Appeal Board procedure, and whether necessary findings of fact are supported by substantial evidence. *St. Joe Container Co. v. W.C.A.B. (Staroschuck)*, 534 Pa. 347, 633 A.2d 128 (1993).

Worker's Compensation can best be understood as a replacement of common law tort actions between employees and employers as a means for obtaining compensation for injuries. *Kachinski v. W.C.A.B. (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). A worker's compensation claimant may only collect for those injuries arising out of his employment. *Id.* In addition, a claimant's benefits are tied to his wage at the time of the injury. *Id.*

A claimant seeking reinstatement following a suspension of benefits must prove that the reasons for the suspension no longer exist. First, Markle must prove that through no fault of his own, his earning power is again adversely affected by his disability. Second, he must prove that the original disability continues. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 34, 584 A.2d 301, 305 (1990). Once an employee has sustained his burden of proving that he is disabled from performing the duties of his pre-injury position of employment as a result of a work related injury, the employer has the burden of proving that other work is available to the injured employee which he is capable of obtaining and performing.

In this matter there is no dispute that Markle's work related disability continued as of the date of his layoff in January, 1990. Moreover, there is no dispute that through no fault of his own, claimant's earning power is once again

154

adversely affected by his disability. Accordingly, the burden of proof shifted to Caterpillar to prove job availability at the time of Markle's lay off.

 We find that the determination that Caterpillar met this burden is supported by substantial evidence and affirm. A position may be found to be actually available only if it can be performed by the claimant with regard to his "physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other relevant considerations." *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 251, 532 A.2d 374, 379 (1987). The referrals by the employer must be made in good faith. *Id.* at 252, 532 A.2d at 380. The referrals must be an attempt to return the injured employee to productive employment and not an effort to avoid paying compensation. *Id.*

In *Titusville Hospital v. Workmen's Compensation Board (Ward)*, 122 Pa.Commw. 619, 552 A.2d 365 (1989), the Commonwealth Court relied upon *Kachinski* and held that a claimant's physical limitations are a factor to be considered when determining whether work was available. *Titusville*, 122 Pa.Commw. at 621, 552 A.2d at 366. In *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General)*, 143 Pa.Commw. 624, 600 A.2d 633 (1991), *appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992), the court explained that when the referee considers physical limitations to determine job availability, physical limitations cannot be construed to include those physical limitations resulting from a non-work related injury with no casual connection to the prior work-related injury. *Sheehan*, 143 Pa.Commw. at 632, 600 A.2d at 637. Moreover, the court cannot consider physical limitations which are existing prior to the injury. *Id.* To do so, would require the employer to compensate an employee for non-job related injuries during the period that the employee is recovering from his or her work-related injury. *Id.*

Clearly, claimants emphysema did not result from his work related injury. There was uncontradicted evidence before the

referee regarding claimant's emphysema. Claimant testified that he had initially been diagnosed with the condition in 1984. Moreover, there is a reference to claimant's emphysema in a 1987 Caterpillar Interval Medical History. Claimant's emphysema is not a physical limitation which the referee must consider when making a determination about job availability. *See USX Corp. v. W.C.A.B. (Hems),* 167 Pa.Commw. 19, 647 A.2d 605 (1994) (employer was not required to show job availability where claimant was unable to resume employment because of nonwork-related brain abscess rather than work-related thumb injury); *Carpentertown Coal & Coke v. W.C.A.B. (Seybert),* 154 Pa.Commw. 408, 623 A.2d 955 (1993), *appeal denied,* 535 Pa. 640, 631 A.2d 1011 (1993) (employer was entitled to suspension of benefits, even though claimant had suffered permanent damage to heart muscle as a result of a work-related myocardial infarction, where inability to return to pre-injury job was not caused by damage to heart, but rather was caused by preexisting coronary disease).

Claimant raises an number of examples illustrating how the Commonwealth Court's holding in this matter could be abused. For instance: Employee A is confined to a wheelchair at the time of hiring by Employer B. Employee A then suffers a work related injury resulting in an inability to use one of his arms to the degree that he is disabled from performing the duties of his pre-injury position of employment. Employer B offers Employee A position which only requires the use of his uninjured arm, but which requires him to stand, walk, and climb ladders. Employee A could perform the duties of that position given his work related limitations, but clearly he could not perform the duties of that offered position because of his preexisting, non-work related medical condition. While this example offered by the claimant is compelling, Employer B's actions in the example would not have been in good faith; thus violating the requirement set out in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987) (the referrals by the employer must be made in good faith, they

156

must be an attempt to return the injured employee to productive employment and not an effort to avoid paying compensation).[1]

In this matter, the referee found persuasive and convincing the testimony submitted by Caterpillar, that a position has been made available to the Claimant within his work-related restrictions. *Markle v. Caterpillar Tractor Company*, Referee's Decision 2/12/91, Finding of Fact No. 5. Moreover, the referee found credible Caterpillar's testimony that Markle's warehouse position was declared surplus by Caterpillar and that the decision to transfer claimant to the shop helper position in the manufacturing department was based on seniority. *Id.* Finding of Fact No. 6.

1. In *Kachinski* claimant was a mechanic employed by Vepco Construction Company. While working on employer's premises, claimant was injured when a paint can exploded. The explosion caused claimant to fall off the machine he was working on and injure his back. In addition, extensive facial burns were caused by the explosion. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987).

Worker's compensation benefits were awarded for the burns, but no award was made for the back injury. *Id.* Kachinski filed a petition to review the notice of compensation, claiming that his back had also been injured in the paint can accident. Vepco denied that Kachinski had injured his back; additionally, Vepco filed a petition to modify compensation. Employer stated that "claimant had sufficiently recovered from his original work-related injury as to be able to return to gainful employment which was then presently available in the market place." *Id.* at 244, 532 A.2d at 375.

The referee concluded, after a hearing, that Kachinski's burns had healed, and that he did in fact injure his back in the accident. Nevertheless, the referee found that claimant's back injury had improved to the point where he could no longer be considered totally disabled. *Id.* The referee reduced claimant's benefits to a level appropriate for partial disability on the basis that the employer had introduced sufficient evidence to establish the existence of "available work". *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987). The Commonwealth Court reversed and we granted allocatur to determine whether an employer can sustain his burden of showing available work by demonstrating the existence of jobs in the market place instead of showing jobs which have actually been made available to the claimant. *Id.*

We held that a requirement of actual availability of work is consistent with the remedial purpose of the Worker's Compensation Act. *Id.* at 250, 532 A.2d at 379. Furthermore, we held that the good faith of the participants in the Worker's Compensation system ensures its viability.

██ The referee is the sole arbiter of credibility, vested with broad discretion to judge the credibility of testimony, and is free to reject or accept the testimony of any witness in whole or in part. *Northeastern Hospital v. W.C.A.B. (Turiano)*, 134 Pa.Commw. 164, 578 A.2d 83 (1990). Our review of the record indicates that these findings are supported by substantial evidence.

██ Furthermore, Section 413(a) of the Worker's Compensation Act, which pertains to modification, provides in pertinent part:

> [W]here compensation has been suspended because the employee's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. § 772. When reviewing a statute, we are guided by the principles set out in the Statutory Construction Act, 1 Pa.C.S. §§ 1501–1991.[2] The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). Regardless, when the words of the statute are clear and free from all ambiguity, we will not disregard the letter of the law under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). The legislature decided that compensation payments may be resumed after a suspension "unless it be shown that the loss in earnings does not result from the disability due to the injury." These words are clear and free from ambiguity. Because claimant's loss of earnings did not result from the disability due to the injury but from his non-work related emphysema, his worker's compensation benefits may not be resumed.

Accordingly, we affirm.

PAPADAKOS, J., did not participate in the decision of this case.

2. 1972, Dec. 6, P.L. 1339, No. 290, § 3, imd. effective.

158

NIX, C.J., files a dissenting opinion in which CAPPY, J., joins.

MONTEMURO, J., is sitting by designation.

NIX, Chief Justice, dissenting.

Because I do not believe that the employer in the instant matter met its burden of proving job availability, I dissent.

The majority correctly states that Appellant satisfied his burden of proving that the reasons for the suspension of his benefits no longer existed, thereby shifting the burden to the employer to prove job availability. In order for a position to be actually available, the employee must be able to perform it "having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other relevant considerations, such as his place of residence." *Kachinski v. Workmen's Compensation Appeal Bd. (Vepco Constr. Co.)*, 516 Pa. 240, 251, 532 A.2d 374, 379 (1987) (quoting *Kachinski v. Workmen's Compensation Appeal Bd. (Vepco Constr. Co.)*, 91 Pa.Commw. 543, 546, 498 A.2d 36, 38–39 (1985)). Clearly then, this Court allows consideration of several factors other than the work-related injury in determining whether a position is actually available to an injured employee.

The majority cites *Sheehan v. Workmen's Compensation Appeal Bd. (Supermarkets General)*, 143 Pa.Commw. 624, 600 A.2d 633 (1991), *appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992), in support of its position. However, I do not agree with the majority's reading of that case. In *Sheehan*, the Commonwealth Court held that the physical restrictions and limitations to consider when determining if a job is available

are those resulting from the work-related injury or those existing, *or flowing from conditions already existing, prior to the injury.* Physical limitations taken into consideration to determine job availability cannot be construed to include those physical limitations resulting from a non-work-related injury with no casual [sic] connection to the prior work-

related injury nor which are related to physical limitations existing prior to the injury.

*Id.* at 632, 600 A.2d at 637 (emphasis added). According to the majority, *Sheehan* stands for the proposition that physical limitations which existed prior to a work injury are not to be considered in determining job availability. Op. at 1358. However, *Sheehan* clearly states that conditions which existed prior to the injury can be considered. The language addressing physical limitations which are non-work-related is ambiguous and could lead to the conclusion that prior existing conditions are not a factor when considering job availability; however, I do not believe such an interpretation is valid in light of the preceding quoted language and the facts of *Sheehan.* There, the employee suffered a back injury during the course of his employment and began receiving workers' compensation benefits. *Sheehan,* 143 Pa.Commw. 624, 627, 600 A.2d 633, 635. While recovering from his work injury, the employee suffered a non-work-related heart attack. *Id.* The employer filed a Petition for Suspension of Benefits, claiming that the employee had partially recovered from his work injury and could return to his pre-injury position with certain modifications made due to his back injury. *Id.* No consideration was given to restrictions which may have been related to the employee's heart attack. *Id.*

In holding that the residual effects of the employee's heart attack were irrelevant in determining work availability, the Commonwealth Court sought to prevent the employer from having to "compensate an employee for injuries occurring away from the job *during the period that the employee is recovering from his or her work-related injury.*" *Id.* at 632, 600 A.2d at 637 (emphasis added). This language does not contemplate a pre-existing condition, nor was the Commonwealth Court reviewing the effect of a pre-existing condition on the employee's ability to return to work or an alternative position referred by the employer.

The majority and the lower tribunals also cite several other cases in support of the position that a pre-existing medical

condition is not a factor to be considered in determining job availability. However, these cases are distinguishable from the instant case. The Board relied upon *Farquhar v. Workmen's Compensation Appeal Bd. (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987); *Jasper v. Workmen's Compensation Appeal Bd.*, 498 Pa. 263, 445 A.2d 1212 (1982); and *Lash v. Workmen's Compensation Appeal Bd.*, 491 Pa. 294, 420 A.2d 1325 (1980), for the proposition that when an employer asserts that an employee can return to his or her pre-injury position but the employee is unable to because of the risk of further harm as shown by medical evidence, the employer's burden is met if the risk of harm is unrelated to the work-related injury. In the instant case, the employer is not asserting that Appellant is capable of returning to his pre-injury position. If Appellant were able to return to that job, he would not be entitled to compensation for lost wages. However, because he remains disabled from performing his pre-injury position, he is entitled to compensation for lost wages unless his employer finds him a position as required by *Kachinski*. Moreover, as these cases all precede this Court's opinion in *Kachinski*, they are of little help in determining what factors can be considered in determining job availability.

The Commonwealth Court relied on its prior decision in *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Bd. (Seybert)*, 154 Pa.Commw. 408, 623 A.2d 955, *appeal denied*, 535 Pa. 640, 631 A.2d 1011 (1993), in affirming the Board. Like the cases cited by the Board, *Carpentertown Coal* addressed the issue of whether an employee was able to return to his pre-injury position based on his alleged recovery from his work-related heart attack. The issue of what constitutes job availability was not addressed, therefore, *Carpentertown Coal* is not controlling. The majority also cites *USX Corp. v. Workmen's Compensation Appeal Bd. (Hems)*, 167 Pa.Commw. 19, 647 A.2d 605 (1994). Like the other cited cases, *USX Corp.* does not reach the issue of whether an employer's burden of proving job availability has been met, rather, it addresses the question of whether an employee

remains unable to return to his pre-injury position because of his work-related injury.

As this Court stated in *Pawlosky v. Workmen's Compensation Appeal Bd.*, 514 Pa. 450, 525 A.2d 1204 (1987), "[i]t may now be said, generally, that *an employer takes an employee as he comes.*" *Id.* at 458–59, 525 A.2d at 1209 (emphasis added). Instantly, Appellant suffers from pulmonary emphysema. Because this is "as he comes," this condition should be a factor in determining if a position is available to Appellant, provided the condition existed prior to Appellant's work injury.

A medical condition which predates a work-related injury should be no less important in determining job availability than the employee's previous experience, intelligence, education or the distance from his or her home to the referred position. These are factors which the employer must consider as being inherent in the employee when making a referral. A pre-existing medical condition which would preclude an employee from being physically able to perform a job without risk to his or her health should be given the same consideration.

This is consistent with this Court's holding in *Kachinski* that "the viability of [the workers' compensation] system depends on the good faith of the participants. The referrals by the employer must be tailored to the claimant's abilities and be made in a good faith attempt to return the injured employee to productive employment...." *Kachinski,* 516 Pa. 240, 252, 532 A.2d 374, 380 (citation omitted). A position can not be said to be tailored to an employee's abilities if that employee has a physical condition which precludes him or her from performing that position.

Allowing consideration of a pre-existing condition in determining job availability does not contravene the language of the Act where the employee is unable to return to his or her pre-injury position because there has not yet been a full recovery from the work injury. Section 413(a) of the Act allows for the

resumption of benefits when partial disability is payable unless a loss of earnings is not the result of the work-related injury. Where the employee is not able to return to his or her pre-injury position because of the work injury and a position is not available which the employee is capable of performing, the loss of earnings is due to the work injury. Such is the case presently before us. Appellant has not recovered from his work injury and remains unable to return to his pre-injury position without restriction. Therefore, until a position is made available to him which is tailored to his abilities, his loss of earnings does result from his work injury. Moreover, "the ... Act is remedial in nature and intended to benefit the worker, and therefore, the Act must be liberally construed to effectuate its humanitarian objectives." *Peterson v. Workmen's Compensation Appeal Bd. (PRN Nursing Agency)*, 528 Pa. 279, 287, 597 A.2d 1116, 1120 (1991). Requiring consideration of a medical condition which predates a work injury in determining job availability serves this purpose.

Because I would hold that when an employer is making job referrals pursuant to *Kachinski* it is required to consider physical conditions which predate a work-related injury, I would remand this matter for a workers' compensation judge to determine whether Appellant contracted pulmonary emphysema before or after the occurrence of his work-related injury. Therefore, I dissent.

CAPPY, J., joins in this dissenting opinion.