Beverly **DUBLIN**, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (UNITED COMMUNITY HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1996.

Decided May 3, 1996.

Lawrence P. Lutz, for Petitioner.

Richard E. Bordonaro, for Respondent.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

KELLEY, Judge.

Beverly Dublin (claimant) appeals from an order of the Workmen's Compensation Appeal Board affirming the decision of a workers' compensation judge (WCJ) dismissing her review petition seeking the reinstatement of total disability benefits under the Workers' Compensation Act [1] (Act). We affirm.

<hr />

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

2. Claimant incorrectly characterized her petition as one for the reinstatement of benefits. A rein-

The facts as found by the WCJ may be summarized as follows. Claimant began working for United Community Hospital (employer) in 1989 as a staff registered nurse. On October 29, 1990, while working for employer, she ruptured a disc in her back when lifting a patient. On December 11, 1990, employer issued a notice of compensation payable indicating that claimant had sustained a compensable injury on October 29, 1990. That same day, a supplemental agreement for compensation was executed which indicated that claimant returned to her position with employer on November 25, 1990. In a supplemental agreement for compensation executed on December 21, 1990, it was indicated that claimant's total disability had recurred on December 10, 1990.

Claimant collected total disability payments until March 16, 1992. In a supplemental agreement for compensation executed on that date, it was indicated that claimant was to return to work. On March 19, 1992, claimant returned to a light-duty staff nursing position with employer, and her benefits were reduced to partial disability benefits. This light-duty position was within the medical restrictions imposed on claimant.

All of the registered nurses working for employer must be able to properly administer I.V.s. As a result, I.V. certification is a job duty of all of employer's registered nurses, and it was a job duty of the light-duty nursing position filled by claimant. Employer required that claimant receive I.V. certification and successfully complete several other skills examinations as part of her duties in the light-duty position. Claimant had experienced some difficulties with the administration of I.V.s before her work-related injury on October 29, 1990.

On May 5, 1992, employer terminated claimant from her light-duty position when, after several attempts at training, claimant failed to pass the required I.V. certification testing. On July 16, 1992, claimant filed a petition to review notice of compensation payable or compensation agreement seeking the reinstatement of total disability benefits. [2]

statement petition is filed where the claimant's benefits have been suspended or terminated; however, a modification petition, as the one filed by claimant, indicates that the claimant is cur-

Claimant asserted that she had returned to a light-duty position with residual effects of her injury and her job was terminated. On August 19, 1992, employer filed an answer, alleging that claimant's inability to work was not caused by her work-related injury.

In a decision dated December 10, 1993, the WCJ determined that claimant had failed to meet her burden of proving that either her medical condition had worsened so that she was unable to perform the duties of her light-duty position, or that her disability continued and the light-duty employment was no longer available through no fault of her own. The WCJ relied on the testimony of employer's human resources director, claimant's supervisor, and employer's medical witness in determining that claimant's loss of earnings was not a result of or related to her compensable work-related injury, but due to her inability to pass the I.V. certification which is required of all registered nurses. The WCJ also determined that employer had demonstrated good faith in giving claimant numerous opportunities to pass the I.V. certification, as well as providing the necessary training and assistance to pass the required certification. As a result, the WCJ concluded that claimant's termination was unrelated to her injury or residual disability, and denied claimant's review petition seeking the reinstatement of total disability benefits.

On December 27, 1993, claimant filed an appeal from the WCJ's findings of fact and conclusions of law with the board. In a decision dated March 31, 1995, the board affirmed the WCJ's decision. The instant appeal followed.

■ The sole claim presented by claimant in this appeal is that the board erred in affirming the decision of the WCJ dismissing her review petition seeking the reinstatement of total disability benefits. Claimant contends that even though she was terminated for reasons unrelated to her work-related injury, she is entitled to the reinstatement of benefits because she acted in "good faith" in

her attempts to meet employer's I.V. certification requirement. We disagree.

■ Initially, we note that our scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). "Substantial evidence", to support a WCJ's finding of fact, is that quantum of relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth. 382, 539 A.2d 11 (1988). The WCJ is the sole arbiter of credibility, vested with broad discretion to judge the credibility of testimony, and is free to reject or accept the testimony of any witness in whole or in part. *Markle v. Workmen's Compensation Appeal Board (Caterpillar Tractor Co.)*, 541 Pa. 148, 661 A.2d 1355 (1995).

Section 413 of the Act provides, in pertinent part:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown

rently receiving benefits which the claimant seeks to change. *Liggett v. Workmen's Compensation Appeal Board (SEPTA)*, 669 A.2d 513 (Pa. Cmwlth.1996). Section 413 of the Act controls both the modification and reinstatement of bene-

fits. 77 P.S. § 772. That section does not make a distinction in the petitions to be filed for reinstatement or modification, and the form of the petition is not controlling. *Liggett*.

that the loss in earnings does not result from the disability due to the injury. 77 P.S. § 772.

■ Under this section, a claimant who is receiving partial disability benefits and who seeks modification for total disability benefits has the burden of showing: (1) through no fault of her own, her earning power is once again adversely affected by her disability; and (2) the disability which gave rise to her original claim continues. *Liggett* citing *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 537 Pa. 223, 642 A.2d 1083 (1994) and *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994).

In this appeal, claimant argues that in considering whether she had met her burden of proof:

[b]oth [the WCJ] and the [board] concluded that the Claimant's termination was not related to her work injury. Whether or not the termination was related to [claimant]'s back injury is not what is important. What is important is that she still suffered from her back injury. While under restrictions and while receiving partial disability benefits[,] [s]he attempted to perform the job that she did prior to her injury. The record contains no evidence that [claimant] did not act in good faith. Nor does [the WCJ]'s opinion and findings or the opinion of the [board] address the issue of whether or not [claimant] acted in good faith.

Petitioner's brief, p. 10.

In [claimant]'s case, it was ... the Employer paying the compensation benefits, that made the *subjective* determination as to whether or not she past [sic] her IV certification.... Judges must look at whether or not claimants have acted in good faith in attempting to fulfill the requirements of a new job. Judges are more than capable of determining if an employee is trying his best to perform a job or pass a test. [The WCJ] and the [board] never got that far—they simply denied benefits because [claimant's] termination was unrelated to [her prior compensable] injury. This cannot be good enough. They must look at the employee's good faith. Be-

cause [claimant]'s good faith is not disputed so [sic] her benefits must be reinstated.

Petitioner's brief, pp. 16–17. Thus, claimant submits that, in meeting her burden of proof, she cannot be found to be "at fault" for her termination from the light duty position in the absence of evidence that she had acted in bad faith.

However, as this court has previously noted:

Where a claimant's loss of earnings results from unsatisfactory job performance and not from a recurrence of a work-related disability a referee should properly deny reinstatement of workers' compensation benefits. *Christopher v. Workmen's. Compensation Appeal Board (Dravo Corporation)*, 124 Pa.Commonwealth Ct. 562, 556 A.2d 544 (1989) (claimant was discharged for nonperformance, bad-attitude, and problems with expenses, and not as a result of physical complaints or inability to physically perform his work). A claimant may be prevented from receiving workers' compensation benefits where his or her loss of earnings is due to some action or activity for which the *claimant* was at fault. *Hertz Penske Truck Leasing Co. v. Workmen's Compensation Appeal Board (Bowers)*, 168 Pa.Commonwealth Ct. 657, 651 A.2d 1145 (1994) (interpreting Christopher).... Reinstatement of workers' compensation benefits are to be denied where the cause of Claimant's loss of earnings is not related to his disability and is based upon a discharge for unsatisfactory job performance.

*Bortz v. Workmen's Compensation Appeal Board (Reznor Division of FL Industries)*, 656 A.2d 554, 559 (Pa.Cmwlth.1995) (emphasis in original and footnote omitted).

In this case, based on the testimony presented by employer, the WCJ found that: (1) the light-duty nursing position with employer was within the medical restrictions imposed on claimant; (2) I.V. certification is a job duty of all of employer's registered nurses, and it was a job duty of claimant's light-duty nursing position; (3) claimant had experienced some difficulties with the administra-

tion of I.V.s before her work-related injury on October 29, 1990; (4) employer required that claimant receive I.V. certification and successfully complete several other skills examinations as part of her light-duty position; (5) employer had demonstrated good faith in giving claimant numerous opportunities to pass the I.V. certification, and provided claimant with the necessary training and assistance to pass the required certification and (6) claimant's termination from her light-duty position was her inability to obtain the I.V. certification.

Such determinations are within the exclusive province of the WCJ as the finder of fact, and all of the findings are supported by substantial evidence. Thus, the WCJ was free to conclude that claimant's loss of earnings was not a result of or related to her compensable work-related injury, but due to her inability to pass the I.V. certification which is required of all of employer's registered nurses.

Based on the relevant case law, we hold that the WCJ did not err in determining that claimant had failed to meet her burden of proof regarding her petition for modification. The foregoing evidence, as accepted by the WCJ, supports the WCJ's finding that claim-ant failed to show that either her medical condition had worsened so that she was unable to perform the duties of her light-duty position, or that her disability continued and the light-duty employment was no longer available through no fault of her own. As a result, the WCJ properly concluded that claimant's termination was unrelated to her injury or residual disability, and properly denied claimant's petition seeking the modification of her disability benefits. Thus, the board did not err in affirming the WCJ's decision.

Accordingly, the order of the board is affirmed.

### ORDER

NOW, this 3rd day of May, 1996, the order of the Workmen's Compensation Appeal Board, dated March 31, 1995, at No. A93–3569, is affirmed.