**SCHNEIDER, INC. and Continental Insurance Company,**
**Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BEY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 1997.
Decided June 26, 1998.

Steven L. Morrison, Pittsburgh, for petitioners.

Sandra L. Kitman, Pittsburgh, for respondent.

1. This case was reassigned to the writer on April 14, 1998.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Schneider, Inc. (Employer) and its insurance carrier, Continental Insurance Co., appeal[1] from an order of the Workers' Compensation Appeal Board (Board) that denied Employer's petition to suspend benefits paid to Omar Bey (Claimant) under the Pennsylvania Workers' Compensation Act (Act).[2]

Claimant began receiving workers' compensation benefits after sustaining a work-related back and neck injury on May 19, 1987. On May 12, 1989, Claimant was assaulted and stabbed in the back of his neck and head and suffered severe, non-work-related head trauma, causing brain damage and paralysis, that rendered him totally and permanently disabled. Employer subsequently filed a suspension petition, which a Workers' Compensation Judge (WCJ) eventually granted. The Board reversed that decision by an order entered May 30, 1997.

The WCJ determined that:

Claimant suffered a work injury to his lower back and neck on May 19, 1987. Claimant's disability, in regard to his work-related injuries, resolved to the point where claimant is capable of performing sedentary or light-duty work . . .

(WCJ's Opinion, 7/1/94, at 5; Finding of Fact (F.F.) No. 4(a).) She further noted:

Claimant suffered a non-work-related injury in June of 1989[sic]. Said non-work-related injury has resulted in total disability.

(WCJ's Opinion, 7/1/94, at 5; F.F. No. 4(b).) The WCJ also found that Employer did not produce evidence of sedentary or light duty work available to Claimant, but concluded that such evidence was not required where Claimant was totally disabled due to his non-work-related injury. *See USX Corp. v. Workmen's Compensation Appeal Board (Hems)*, 167 Pa.Cmwlth. 19, 647 A.2d 605 (1994); *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board*

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

(Seybert), 154 Pa.Cmwlth. 408, 623 A.2d 955 (1993), petition for allowance of appeal denied, 535 Pa. 640, 631 A.2d 1011 (1993).

Claimant appealed to the Board, which, in reversing the decision of the WCJ, distinguished the two cases which she had relied on and held that Employer was indeed required to produce evidence of job availability. Employer now appeals to this Court.[3]

The sole issue presented is a question of law: whether an Employer is required to demonstrate job availability for suspension purposes where Claimant has been totally disabled due to a non-work-related injury, but otherwise could return to a modified or light duty job based on some degree of recovery from his work-related injury.

This case presents a question that is not free of difficulty. We have before us not the usual suspension proceeding, but a situation where Claimant sustains a work injury which does not totally disable him, but subsequently suffers a non-work-related injury which does, and we must determine the obligation of Employer to demonstrate work availability under those unfortunate circumstances. On the one hand, allowing a departure from the usual rule in suspension cases, by permitting a benefit suspension without a showing of job availability, means that Employer is relieved of a burden it would have had if such a distressing second incident had not befallen Claimant. On the other hand, that incident makes it difficult for Employer to show that a job is available to Claimant who is a purely hypothetical job seeker because of his non-work-related injury.

In this case, the WCJ specifically found that Claimant's 1987 work-related injury had not healed and remained a permanent partial disability.[4] Accordingly, we find the view of the Workers' Compensation Appeal Board, that our decisions of USX Corp. and Carpentertown Coal are not controlling, to be the correct view, because in both of those cases there was not a significant remaining medical impairment related to the claimants' work injuries which prevented those claimants from returning to their time-of-injury jobs.

In USX Corp., the claimant was unable to resume his employment because of a non-work-related brain abscess, which was discovered after a work-related injury to his left thumb. The brain abscess was causally unrelated to the thumb injury which had healed enough so that claimant could return to his time-of-injury job. **The claimant's work-related medical condition (injured left thumb) was not disabling.**

In Carpentertown Coal, the claimant suffered a myocardial infarction (heart attack) as the result of helping to pull a heavy electric cable on November 11, 1986. The WCJ found that claimant's infarction had permanently damaged his heart because of the scar tissue which remains after an infarction. Following his heart attack, the claimant had bypass surgery in February of 1987 to correct his preexisting coronary artery disease. The medical testimony established, and the WCJ specifically found, (a) that the bypass surgery was not caused by or related to claimant's myocardial infarction or to his employment, (b) that **the claimant's infarction had healed and did not disable him and that he was able to return to all of his**

---

3. Our standard of review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact were not supported by substantial evidence. Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper), 165 Pa.Cmwlth. 696, 645 A.2d 957 (1994).

4. Dr. Robert P. Durning, Employer's doctor, opined that Claimant could perform "sedentary work and light work. If he could do more I'm not able to determine." (Deposition of Robert P. Durning, M.D. at 9; Reproduced Record (R.R.) at 16; Finding of Fact No. 1).
The WCJ resolved any factual dispute in his "Resolution of conflict of evidence" thus:

4. [T]his judge finds as fact the following:
(a).... Claimant's disability, in regard to his work-related injuries, resolved to the point where claimant is capable of performing sedentary or light-duty work;
....
CONCLUSION OF LAW
The employer was successful in its burden on its suspension petition that claimant's disability in regard to his March 18, 1987 back and neck injury **is a partial disability**, [but] that claimant's current **total disability** is due to claimant's non-work-related injury.
(WCJ's Opinion, 7/1/94, at 5–6.) (Emphasis added.)

**regular work duties,** and (c) that since May of 1987 claimant remained unable to perform his regular work duties as a section foreman because of his preexisting coronary artery disease.

■ It is, of course, bedrock compensation law that, when a claimant is able to return to his time-of-injury job *without restriction* and his earnings are once again equal to his pre-injury wages, a suspension is warranted. That is not the case in this instant appeal, where Claimant could **not** return to his old job because of his work-related injuries. Here Claimant is still partially disabled from his work-related injury, and the fact that a subsequent non-work-related injury has disabled him further does not at all diminish the fact that his work-related injury still exists and is a partial disability for him.[5]

The facts in the present appeal are similar to *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General)*,[6] in that the Claimant **had not been released** to his time-of-injury position due to the work-related injury when a subsequent, non-work-related injury rendered him totally disabled; these facts, therefore, are distinguishable from *Carpentertown Coal* and *USX Corp.*, where the claimants had been released to their time-of-injury positions. The claimant in *Sheehan* suffered a non-work-related heart attack while recovering at home from a work-related injury and while collecting total disability benefits. The employer sought to suspend benefits because the employer believed that the claimant had recovered from his work-related injury to the extent that he could perform his time-of-injury job, with certain modifications (*and at the same pre-injury rate of pay*). The employer notified the claimant by letter advising him that a position was available within his physical re-strictions, that is, *the physical restrictions imposed because of his work-related back injury alone* —with no reference to the claimant's physical limitations and total disability due to his non-work-related heart attack. The employer gave no consideration to the claimant's heart attack when filing the suspension petition. This Court agreed with that view and stated as follows:

> While in *Titusville Hospital v. Workmen's Compensation Appeal Board (Ward)*, 122 Pa.Commonwealth Ct. 619, 552 A.2d 365 (1989), we held that a claimant's physical limitations were a factor to be considered when determining that work was available, we find these physical restrictions and limitations are those resulting from the work-related injury or those existing, or flowing from conditions already existing, prior to the injury. **Physical limitations taken into consideration to determine job availability cannot be construed to include those physical limitations resulting from a non-work-related injury with no causal connection to the prior work-related injury nor which are related to physical limitations existing prior to the injury.**

> To construe it otherwise would require the employer to compensate an employee for injuries occurring away from the job during the period that the employee is recovering from his or her work-related injury. The intent of The Workmen's Compensation Act is to compensate only work-related injuries or those casually connected thereto. A [WCJ] need not take into consideration an injury suffered by a claimant which did not occur during the course of his or her employment nor was casually connected to the prior work-related injury when determining job availability.

---

5. Consider this hypothetical: a partially disabled claimant has returned to work at a light-duty job earning less than half of what he/she once earned and is, accordingly, receiving partial disability benefits. The claimant then is suddenly afflicted with a disabling disease, totally unrelated to his/her employment, which results in the claimant's total disability. In the view of this Court, the unfortunate circumstance of a supervening intervening disability should not be the reason to allow an employer to avoid its responsibility to pay compensation to its employee who had been injured on the job and rendered partially disabled. The result, however, would be different where the employee/claimant would be able to once again join the work force without impairment competing in the job market for the best available job.

6. 143 Pa.Cmwlth. 624, 600 A.2d 633 (1991), *petition for allowance of appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992).

*Sheehan,* 600 A.2d at 637 (footnote omitted) (emphasis added). In footnote 2, which followed the above analysis, we stated:

> **Although the effects of a subsequent non-work-related injury are irrelevant, the employer in a modification proceeding must still show available work within the claimant's physical limitations which are causally related to the prior work-related-injury.** In the present case, the limitations on the Claimant caused by the work-related injury are not in dispute.

*Id.* (emphasis added).

Today we adopt the same cogent rationale as that applied in *Sheehan,* but, of course, apply it in a converse factual situation. Regardless of Claimant's subsequent non-work-related injury which rendered him totally disabled, Claimant is still partially disabled from returning to his time-of-injury job without restrictions because of his work-related injury.

We observe, of course, the vital distinction between a continuing **medical condition** without impairment, which does not prevent a claimant from returning to his time-of-injury position, on the one hand, and a continuing work-related injury resulting in **disability** that does prevent a claimant from returning to his former position on the other hand. *See Teledyne McKay v. Workmen's Compensation Appeal Board (Osmolinski),* 688 A.2d 259 (Pa.Cmwlth.1997); *Trumbull v. Workmen's Compensation Appeal Board (Helen Mining Co.),* 683 A.2d 342 (Pa. Cmwlth.1996); *U.S. Steel Corp. v. Workmen's Compensation Appeal Board ,* 62 Pa. Cmwlth. 502, 437 A.2d 92 (1981).

The most compelling argument in support of Employer's view is that an employer should not have to demonstrate job availability because it is pointless to require such when it is abundantly clear that, regardless of the work available, even with the restrictions imposed by the work-related injury, the claimant could not perform that work because of his non-work-related injury. Admittedly, that argument is not without some logic. However, there are more compelling

reasons to support a broader view and to decide the issue differently.

■ **First,** due to the recent changes in the Workers' Compensation Act, an employer is no longer required to demonstrate actual job availability to reduce a claimant's total disability status to partial disability, or to further reduce a claimant's partial disability status or benefits. Section 4 of Act 57 of 1996,[7] amended Section 306(a) of the Act, which deals with total disability, and also amended Section 306(b) of the Act, which deals with partial disability benefits. These major changes follow:

### Section 306: Total Disability
§ 306(a)(2)(a.2) [8]:

(1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, ... the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks **to determine the degree of impairment** due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician ... chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association 'Guides to the Evaluation of Permanent Impairment.'

(2) If such determination results in an **impairment rating** that meets a threshold impairment rating that is equal to, or greater than fifty per centum impairment under the most recent edition of the American Medical Association 'Guides to the Evaluation of Permanent Impairment,' the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in **an impairment rating** less than fifty per centum impairment under the most recent edition of the American Medical Association 'Guides to the Evaluation of Permanent Impairment,' the employe shall then

---

7. The Act of June 24, 1996, P.L. 350.

8. 77 P.S. § 511.2.

receive partial disability benefits under clause (b):....

(3) Unless otherwise adjudicated or agreed to based upon a determination of earning power under clause (b)(2), the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. **An insurer or employe may, at any time prior to or during the five hundred-week period of partial disability, show that the employe's earning power has changed.**

. . . .

(8)(i) For purposes of this clause, **the term "impairment"** shall mean an anatomic or functional abnormality or loss that results from the compensable injury and is reasonably presumed to be permanent.

(ii) For purposes of this clause, **the term 'impairment rating'** shall mean the percentage of permanent impairment of the whole body resulting from the compensable injury. The percentage rating for impairment under this clause shall represent only that impairment that is the result of the compensable injury and not for any preexisting work-related or non-work-related impairment.

### Section 306(b): Partial Disability [9]

(1) For disability partial in character caused by the compensable injury or disease ... sixty-six and two-thirds per centum of the difference between the wages of the injured employe, ... and **the earning power** of the employe thereafter ...

(2) **'Earning power'** shall be determined by the work the employe is capable of performing **and shall be based upon expert opinion evidence which includes job listings with agencies of the department, private job placement agencies and advertisements in the usual employment area.** Disability partial in character shall apply if the employe is able to perform his previous work, or can, considering the employe's residual productive skill, education, age and work experience, engage in any other kind of substantial gainful employment which exists in the usual employment

area in which the employe lives within this Commonwealth.

(Emphasis added.)

■ Thus it is clear that Act 57 has materially changed prior law so that no longer will an employer be required to demonstrate actual job availability, but need only produce expert medical testimony regarding the degree of an employee's functional impairment, evidenced by an "impairment rating." We take particular note of the fact that the General Assembly in adding Section 306(a)(2)(a.2)(8) made it clear that the only consideration in an impairment rating was to be "only that impairment that is the result of the compensable injury and not for any preexisting work-related **or non-work-related impairment.**" (Emphasis added.) This statutory language confirms the view that any impairment which is the result of a non-work-related disability is totally irrelevant to a determination of compensation benefits and strengthens the rationale underlying the *Sheehan* decision. Moreover, when a claimant is able to return to the work force without significant medical impairment, as those in *Carpentertown Coal* and *USX Corp.*, even under the legal principles which predate Act 57, it eliminates the requirement for the employer to demonstrate job availability. *Harle v. Workmen's Compensation Appeal Board (Telegraph Press),* 540 Pa. 482, 658 A.2d 766 (1995).

Second, the fundamental proposition in this Commonwealth is that the Act provides compensation for work-related disability, and our task is to apply that principle to this unique case, which involves an unfortunate circumstance, that, from an equitable standpoint, should not be charged or "assessed" against either Claimant or Employer. The application of the principle that non-work-related impairment is to be discounted is "neutral" so to speak and may be applied where an employer is able to demonstrate that there is work available which a claimant can perform, *Sheehan,* as well as in this case where the Employer argues that it has no such responsibility as a matter of law.

9. 77 P.S. § 512(b).

In conclusion, we affirm the Board's decision because the Claimant suffered from a work-related injury to the extent that he is still partially disabled and has not been released to return to his time-of-injury position, and hold that in such a situation the employer is still obligated to demonstrate either job availability within Claimant's physical limitations related to Claimant's work-related injury, *Sheehan,* or proves a change and restoration of the Claimant's earning power related to his work-related injury. *See* Section 306(b)(2) of the Act.

Order affirmed.

## ORDER

**NOW,** June 26, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.