**ROLLINS HUDIG HALL OF PA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BANKS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 20, 1998.

Decided July 2, 1998.

Jeffrey A. Korostoff, Philadelphia, for petitioner.

Halmon L. Banks, III, and Annabelle R. Cedar, Philadelphia, for respondent.

Before McGINLEY and LEADBETTER, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Rollins Hudig Hall of Pennsylvania (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed but modified the decision of the workers' compensation judge (WCJ) with the result that Mary L. Banks (Claimant) was awarded ongoing total disability benefits. We affirm.

Claimant originally sustained a work-related repetitive trauma injury in the nature of bilateral carpal tunnel syndrome, which became disabling on August 10, 1993. The WCJ's decision granted Claimant's claim petition and ordered Employer to pay temporary total disability for the limited period of August 10, 1993 through June 30, 1994. As of that date, the WCJ suspended Claimant's benefits because the WCJ found, though Claimant's work-related injury had subsided to the point that she could have returned to work, she remained disabled due to other non-work related medical problems.

At the hearings before the WCJ, Claimant testified in her own behalf and presented the deposition testimony of her treating physician, Donald Parks, M.D. Employer presented the deposition testimony of Gunter Hasse, M.D., who also examined Claimant and reviewed her medical records. In arriving at his decision, the WCJ found the testimony of Dr. Parks credible and adopted it as the facts of the case. The WCJ found that Claimant would have been able to return to work following a course of physical therapy and work hardening as of June, 1994, had she not suffered other non-work related injuries, specifically a broken arm and cervical problems which required her hospitalization.

Claimant appealed to the Board challenging the suspension of benefits as of June 30, 1994, and alleged there was not substantial evidence as of that date that Claimant was capable of returning to her pre-injury job as a word processor. The Board affirmed the WCJ's decision but modified it to award ongoing disability benefits beyond June 30, 1994. The Board held that the WCJ had misinterpreted the testimony of Dr. Parks in finding that Claimant's injury had subsided to the point that she could have returned to work as of June 30, 1994. Rather the Board concluded that Dr. Parks' testimony reflected that Claimant was incapable of returning to her pre-injury position but could only return to a modified position because of her work injury. Consequently, the Board held Claimant's ability to return to work as of that date was not supported by substantial evidence of

record. The Board concluded Claimant met her burden of establishing continuing disability because of her work injury. Employer now appeals to this Court [1] and argues that the Board erred and ignored substantial evidence when it concluded that Claimant's work-related disability continued beyond June 30, 1994.

This Court has recently clarified the distinction between a claimant's ability to return to his time-of-injury job and his ability to return to a light-duty job resulting in less pay, where there are two injuries, one of which is non-work-related. *Schneider, Inc. v. Workers' Compensation Appeal Board (Bey)*, 713 A.2d 1202 (Pa.Cmwlth.1998). Certainly a suspension is warranted when a claimant is able to return to the time-of-injury job without restriction and with no loss of earnings. *Id.* Here however, as in *Schneider*, Claimant could not return to her pre-injury job because she had not completely recovered from those work-related injuries before a subsequent non-work related injury disabled her further. In such a situation the burden shifts to the employer to prove that employment is available to the claimant which fits the job category for which claimant has been given medical clearance. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

Here, Employer did not show that other employment was available to the Claimant and stated it was not required to do so because Claimant could not work as a result of subsequent non-work related injuries. Employer relies on *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board (Seybert)*, 154 Pa.Cmwlth. 408, 623 A.2d 955 (1993), *petition for allowance of appeal denied*, 535 Pa. 640, 631 A.2d 1011 (1993), to show that when a claimant's loss of earnings does not result from the work-related injury, the employer is not required to show work availability. Claimant distinguishes *Carpentertown* where the claimant's work-related disability had decreased such

that he could perform his pre-injury job and only non-work related conditions prevented him from doing so. In contrast, Claimant's disability had subsided only to the point of allowing her to perform a modified job, not her pre-injury job.

We agree with Claimant. This case is similar to *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General)*, 143 Pa.Cmwlth. 624, 600 A.2d 633 (1991), *petition for allowance of appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992). There the claimant suffered a non-work related heart attack while recovering at home from a work-related injury and while collecting total disability benefits. The employer sought to suspend benefits because employer believed claimant had recovered from his work-related injury enough to perform a modified time-of-injury job with the same time-of-injury pay rate. Employer notified claimant of a position available within the physical restrictions related to his work-related injury, but without regard to his total disability due to his non-work related heart attack. We held that employer had met its burden and elaborated that, in a modification proceeding, the employer must still show available work within the claimant's physical limitations that are causally connected to the work-related injury. *Id.* Similarly, in *Schneider*, while the non-work-related injury meant the claimant could not return to the workforce, we held that that "unfortunate circumstance" did not relieve employer of its obligation. In such a situation, the employer must still demonstrate job availability within the claimant's limitations related to the work-related injury or prove a change and restoration of the claimant's earning power. *Id.* Such is also our holding here.

We conclude that Claimant's ability to return to work is not the same as her ability to return to her pre-injury job. When Claimant was released to return to a modified job, Employer was required to show job

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

availability within the physical limitations caused by Claimant's work injury.

Accordingly, we affirm the Board's order modifying the WCJ's decision.

### ORDER

NOW, July 2, 1998, the order of the Workers' Compensation Appeal Board at A95–2742, dated September 2, 1997, is affirmed.