747 A.2d 845

SCHNEIDER, INC. and Continental Insurance Company, Appellants,

v.

WORKERS' COMPENSATION APPEAL BOARD (BEY), Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 13, 1999.

Decided Feb. 28, 2000.

Steven L. Morrison, Pittsburgh, for Schneider & Continental Ins.

David Hawkins, Amber M. Kenger, Mechanicsburg, for WCAB.

Sandra L. Kitman, Pittsburgh, for Omar Bey.

Michael Fisher, Atty. Gen.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION [1]

NEWMAN, Justice.

The issue on appeal is whether an employer seeking a suspension of workers' compensation benefits must demonstrate job availability under the distinct factual circumstances of this case.

### FACTS AND PROCEDURAL HISTORY

Omar Bey (Bey) sustained a work-related injury to his head and neck while working as a boilermaker for Schneider, Inc. (Schneider) on May 19, 1987. Pursuant to a Notice of Compensation Payable, Schneider began paying Bey total disability benefits. By supplemental agreements, the parties agreed that Bey would return to work on November 11, 1987, and that his work-related disability recurred on November 15, 1987. On May 12, 1989, while still receiving total disability benefits for his work-related injuries, Bey sustained a non-work-related head trauma, which resulted in brain damage and paralysis.[2] The subsequent nonwork-related injuries, independent of Bey's work-related injuries, left Bey totally and permanently disabled from any level of employment.

Schneider filed a Suspension Petition alleging that Bey's disability was the result of a nonwork-related head trauma and that Bey's nonwork-related injuries had the effect of removing him from the labor market. Bey filed an Answer denying all material allegations in Schneider's petition. In a decision circulated on October 29, 1993, a Workers' Compensation Judge (WCJ) denied Schneider's petition. Although, the WCJ acknowledged that Bey would be incapable of ever returning

---

1. This Opinion was filed simultaneously with our Opinion in *Landmark Constructors, Inc. v. Workers' Compensation Appeal Bd. (Costello)*, —— Pa. ——, 747 A.2d 850 (2000).

2. Bey was involved in an altercation in which he suffered a stab wound to the head.

to any job because of his nonwork-related injuries, the WCJ, relying on this Court's decision in *Kachinski v. Workmen's Compensation Appeal Bd. (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), denied the suspension petition citing Schneider's failure to present any evidence of job availability.

Schneider appealed the WCJ's decision to the Workers' Compensation Appeal Board (Board). The Board reversed and remanded concluding that the WCJ erred in not making necessary credibility determinations regarding Schneider's medical experts.[3] The Board framed the operative issues on remand as twofold: first, whether the work-related total disability of Bey had changed to a partial disability; and second, whether Bey's work-related injuries had resolved, thus, leaving the nonwork-related injuries of Bey the sole cause of his total disability.

On remand, Schneider again presented no evidence of job availability, choosing instead to rely solely on the testimony of its medical experts, which the WCJ found credible. The crux of this testimony was that the work-related injuries of Bey resolved to the point where he could have at least performed sedentary or light-duty work if he were not otherwise totally unable to return to work because of his subsequent nonwork-related head injuries. Based on the medical evidence that Bey was totally disabled by his nonwork-related injuries, the WCJ suspended Bey's workers' compensation benefits. Relying on the Commonwealth Court's decisions in *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Bd. (Seybert)*, 154 Pa.Cmwlth. 408, 623 A.2d 955 (1993) and *USX Corp. v. Workmen's Compensation Appeal Bd. (Hems)*, 167 Pa.Cmwlth. 19, 647 A.2d 605 (1994), the WCJ concluded that an employer "does not have to produce evidence of work availability where the claimant has become totally disabled due to a non-work related injury." (WCJ's Decision of July 1, 1994, p. 6.)

Bey then appealed the suspension to the Board. The Board reversed the WCJ's suspension of benefits, relying on the

3. The Board also reversed the WCJ's finding that Schneider's contest was unreasonable, a holding that is not germane to the current appeal.

decision of the Commonwealth Court in *Sheehan v. Workmen's Compensation Appeal Bd. (Supermarkets General)*, 143 Pa.Cmwlth. 624, 600 A.2d 633 (1991), *alloc. denied*, 530 Pa. 663, 609 A.2d 170 (1992). The Board stated that the Commonwealth Court held in *Sheehan* that "only where the employee is *no longer disabled by the work injury* is the employer not required to demonstrate job availability." (Board's Decision of July 1995, p. 3 (emphasis added).) Looking to the Commonwealth Court's decision in *Sheehan,* the Board concluded that because the WCJ had found that Bey could return only to sedentary or light-duty work in relation to his work-related injuries, as opposed to his pre-injury position, he continued to be at least partially disabled because of his work-related injuries. As such, the Board concluded that Schneider, in order to satisfy *Kachinski,* was required to produce evidence of a job that Bey could have performed, considering his remaining work-related physical injuries and disregarding his nonwork-related physical injuries.

Schneider appealed the decision of the Board to the Commonwealth Court, which agreed with the Board's reasoning and affirmed. The Commonwealth Court noted that regardless of the work that Schneider could demonstrate was available, Bey would never be able to return to the workforce because of his nonwork-related injuries. However, the Commonwealth Court opined that "[r]egardless of Claimant's subsequent nonwork-related injury which rendered him totally disabled, Claimant is still partially disabled from returning to his time-of-injury job without restrictions because of his work-related injury." *Schneider, Inc. v. Workers' Compensation Appeal Bd. (Bey),* 713 A.2d 1202, 1205 (Pa.Cmwlth.1998). Looking to its reasoning in *Sheehan,* and distinguishing the present case from its decisions in *Carpentertown Coal* and *USX Corp.,* the court concluded that Schneider was required to demonstrate that there was an available position considering only Bey's work-related injuries, i.e., a sedentary or light-duty position.

Schneider filed a Petition for Allowance of Appeal with this Court, which we granted. On appeal, Schneider argues that

the Commonwealth Court erred in requiring it to show job availability under the unique facts of this case. Schneider asserts that the job availability requirement of *Kachinski* is inapplicable because it is clear that Bey will never be able to perform any job because of his nonwork-related injuries. In essence, Schneider believes that requiring a showing of job availability is absurd in the present case and would be inconsistent with the Commonwealth Court's decisions in *Carpentertown Coal* and *USX Corp.*

## DISCUSSION

 We granted allocatur in the present case to address the following issue of first impression: whether an employer must establish job availability in accordance with *Kachinski* where an employee, who otherwise could return to sedentary or light-duty work because of some degree of recovery from his work-related injuries, is precluded from ever returning to any level of employment because of nonwork-related injuries. Because we believe that requiring a showing of job availability in the instant case would be pointless and would run contrary to the purpose of the Workers' Compensation Act (Act),[4] we reverse.[5]

 In *Kachinski*, this Court established guidelines to govern employers' petitions seeking to modify workers' compensation benefits.[6] In accordance with the guidelines set out

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

5. Appellate review in a workers' compensation matter is limited to a determination of whether there has been a constitutional violation or an error of law, whether there has been a violation of Board procedure or whether necessary findings of fact are supported by substantial evidence. *Waugh v. Workmen's Compensation Appeal Bd.*, 558 Pa. 400, 737 A.2d 733 (1999); 2 Pa.C.S. § 704.

6. *Kachinski* laid down the following guidelines to govern employers' petitions seeking to modify an employee's benefits:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational

in *Kachinski*, an employer seeking a modification of benefits on the grounds that an employee has recovered some or all of his or her ability to work is required to establish that a suitable position was available to the employee. As such, in cases like the present one, where the employer alleges, and the evidence establishes, that the employee's work-related injuries have resolved to the point where he or she is capable of performing sedentary or light-duty work, the employer is generally required to establish that such work was made available to the employee to warrant a suspension of benefits.

This Court reaffirmed the *Kachinski* guidelines in *Landmark Constructors, Inc. v. Workers' Compensation Appeal Bd. (Costello)*, — Pa. —, 747 A.2d 850 (2000). While reaffirming the utility of these guidelines, our decision in *Costello* also discussed how we have departed from a strict application of *Kachinski* in limited circumstances. For example, in *Costello* we examined our decision in *Banic v. Workmen's Compensation Appeal Bd. (Trans–Bridge Lines, Inc.)*, 550 Pa. 276, 705 A.2d 432 (1997), where we allowed for the suspension of benefits without requiring a showing of job availability because such a showing was rendered pointless by the employee's incarceration. In discussing the requirement of establishing job availability in *Banic*, we stated that the employer should not be required to establish job availability "where the facts demonstrate that the changed circumstances of a claimant's disability [i.e., the claimant's loss of earnings] make the showing of all four *Kachinski* factors irrelevant and fruitless." *Banic*, 705 A.2d at 436. Additionally, we have allowed for narrow exceptions to *Kachinski* where the application of the guidelines would be meaningless or perfunctory. One such case was *Harle v. Workmen's Compensation Appeal Bd. (Telegraph Press)*, 540 Pa. 482, 658 A.2d 766 (1995), where we permitted the suspension of benefits without requiring the

category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

532 A.2d at 380.

employer to establish job availability because the employee returned to a job that was identical to his previous position. In *Harle,* we reasoned that the application of the job availability requirement would be superfluous because the employee actually returned to employment identical to his pre-injury employment. *Id.* at 768 (finding that employee's return to work "obviated the need for employer to produce evidence of job availability"); *see also Dillon v. Workmen's Compensation Appeal Bd. (Greenwich Collieries),* 536 Pa. 490, 640 A.2d 386 (1994) (recognizing that employer is not obligated to produce evidence of change in physical condition as required by *Kachinski* when modification request is based solely on job availability and allowing employee the benefit of same rule). In sum, while the *Kachinski* guidelines continue to apply in most cases involving an employer's request for a suspension of benefits, we have not blindly applied the guidelines when the unique facts of a given case required us to look beyond our decision in *Kachinski. See Costello,* 747 A.2d at 855 ("though *Kachinski* is the rule, we have deviated from that rule when the unique facts of a given case require a different result").

Our *Costello* decision also addressed the genesis of, and the public policy behind, requiring employers to prove job availability. We highlighted in *Costello* that the job availability requirement of *Kachinski* developed from judicial interpretation of Section 413 of the Act, 77 P.S. § 772.[7] Examining Section 413 and this Court's prior decisions addressing the requirement of job availability, *Kachinski* clarified the burden placed on an employer seeking a modification of benefits and articulated a workable standard to govern employer's modification petitions. *Costello,* 747 A.2d at 853. Furthermore, in *Costello* we discussed that requiring a showing of job availabil-

7. Section 413 provides, in part:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred or has temporarily or finally ceased.

77 P.S. § 772.

ity was consistent with the remedial purpose of the Act. We noted that the job availability requirement was consonant with the employer's obligation under the Act to make employees whole, and that part of this obligation involved taking steps to reintroduce injured workers into the workforce. *Id.* at 853.

With these principles in mind, we now turn to the case at bar. In the present matter, there is no dispute that Bey will never be able to return to any level of employment because of his nonwork-related injuries.[8] There also is no dispute that Schneider presented no evidence of job availability. Therefore, the distinct question before us is whether Schneider was required to produce evidence of a sedentary or light-duty job pursuant to *Kachinski*, even though it is clear that Bey will never be able to perform this or any level of work.

We agree with Schneider's contention that it would be absurd to require a showing of job availability in this case.[9]

**8.** We note that pursuant to the Act, an employee may seek reinstatement of suspended benefits during the 500–week period that partial disability benefits are payable. *See* 77 P.S. §§ 512, 772. Without commenting directly on the issue, this may allow for the possibility that an employee whose benefits are suspended because it appears that he or she will never return to any level of work may file a petition seeking reinstatement in the event that the circumstances surrounding the nonwork-related injury change.

**9.** While Schneider presents a valid argument that the *Carpentertown Coal, USX Corp.* and *Columbo v. Workmen's Compensation Appeal Bd. (Hoffman Industries, Inc.),* 162 Pa.Cmwlth. 307, 638 A.2d 477 (1994) decisions support its position, the analysis of the Commonwealth Court in these decisions is problematic in two respects. First, we are troubled that these decisions create an alternative standard for an employer seeking a suspension of benefits that undermines our decision in *kachinski.* Instead of presenting evidence as to job availability, these decisions allow for a suspension of benefits when an employer can point to a nonwork-related factor that is causing the employee's loss of earnings. Establishing job availability pursuant to *kachinski* remains the proper standard to govern situations where the employer seeks to prove that an employee's loss of earnings is attributable to a nonwork-related factor. If an employer can establish that there is a job available that complies with an employee's remaining *work-related physical injuries,* and the employee fails to return to or accept this position because of *nonwork-related factors,* the employer has proven that the employee's loss of earnings is attributable to something other than the work-related injury. Second, the Commonwealth Court's decisions appear to be founded on the premise that an employee who can return to his or her pre-injury position can be treated differently than an employee who can

The unique facts of this case require us to look beyond our decision in *Kachinski* in favor of the reasoning of our *Banic* decision. We believe that *Banic* requires us to dispense with the job availability requirement here because, like *Banic,* this is an instance where requiring Schneider to produce evidence of job availability would be irrelevant and fruitless.

Bey concedes that his nonwork-related injuries preclude him from ever returning to work. As such, requiring Schneider to show job availability would be completely perfunctory in this case because it is clear that Bey will never return to work. Showing that a sedentary or light-duty position is available to Bey would be an exercise in futility by virtue of Bey's physical condition, and we can see no valid point in requiring such a showing. The circumstances surrounding Bey's inability to return to work are tragic; however, requiring Schneider to develop a completely hypothetical position for Bey would simply belittle all the parties involved.

Moreover, requiring a showing of job availability in this case would be an affront to the objective underlying the requirement. As we discussed in *Costello,* the job availability requirement developed in part because of the belief of this Court that the Act obligated the employer not only to pay benefits, but to take steps to reintroduce injured workers into the workforce. In the present case, the objective underlying the rule is in no way served through a meaningless showing of job availability when all the parties agree that there is no possibility that the employee can ever work again. Thus, because the objective of reintroducing injured workers into the workforce

return to a position other than his or her pre-injury position. As we stated in *Costello,* such a premise is erroneous. *See Costello,* 747 A.2d at 857 n. 8.

Nevertheless, the results reached by the Commonwealth Court in *Carpentertown Coal, USX Corp.* and *Columbo* are consistent with our decision in the present matter to the extent that the Commonwealth Court's decisions recognized the futility of requiring a showing of job availability if the employee can never return to work. *See USX Corp.,* 647 A.2d at 607 (stating "if Claimant, admittedly, could not return to his time-of-injury job because of a non-work-related injury, it would be pointless to require Employer to prove that Claimant's time-of-injury job was still available").

618

would be in no way promoted here, we will not require a showing of job availability.

## CONCLUSION

In accordance with the above discussion, we reverse the decision of the Commonwealth Court.

Justices ZAPPALA, CASTILLE and SAYLOR concur in the result.